UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 09-cr-186-pp

REGALE MORGAN,

        Defendant.

---

## ORDER DENYING WITHOUT PREJUDICE REQUEST FOR EARLY DISCHARGE OF SUPERVISED RELEASE

---

The probation office and the defendant have asked the court to discharge the defendant from supervised release. Judge Clevert imposed five years of supervised release as part of the defendant's sentence; as of the date of this order, the defendant has served two years and eleven months of that five-year term (he was released from custody on May 23, 2016). Probation reports many positive things about the defendant—he has a stable residence, he supports his dependents and contributes to the cost of his residence. Since release, he's obtained a degree as an auto body technician, and has held jobs in that line of work. He's steered clear of alcohol and drugs, has paid his financial obligations and has stayed in contact with his probation officer. He has a pro-social support system. He's completed cognitive thinking worksheets with his probation officer. While the defendant's compliance record isn't perfect—he missed a drug test three months into supervision, traveled outside the district without permission (to attend a funeral) five months into supervision, and has

1

"struggled at times to submit written monthly report forms as directed"—overall he has been compliant with the conditions Judge Clevert imposed.

The government does not agree that the court should discharge the defendant from supervision at this point. The prosecutor points to the case law from this district, holding that "the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination." United States v. O'Hara, Case No. 00-170, 2011 WL 4356322 at *3 (E.D. Wis. 2011). See also, e.g., United States v. Mitchell, Case No. 03-cr-194, 2013 WL 4763966 at *1 (E.D. Wis. 2013); United States v. White, Case No. 06-cr-50, 2012 WL 5198364 at *2 (E.D. Wis. 2012). The prosecutor commended the defendant on all he has done well so far, but asserted that the defendant has not demonstrated any extraordinary or exceptional accomplishment other than compliance.

This court agrees with the prosecutor. "[C]ourts have generally granted early termination only in cases involving some new or unforeseen circumstances, which may include exceptionally good behavior, or where supervision impedes the defendant's rehabilitation." Mitchell, 2013 WL 4763966 at *1 (citing White, which collects other cases holding the same). This court has granted early termination where defendants have not only complied with supervised release conditions, but have performed community service, or have demonstrated that there are jobs they cannot get because of the limitations of supervision. It generally has required more than simply

complying with the conditions of supervision. The court understands that it isn't easy for some people to comply with supervised release. But supervised release is part of a court's overall punishment. And courts expect defendants to comply with the conditions of release—they are, after all, court orders.

The probation office states that "[a]ccording to the U.S. Probation Guide Volume 8 Part E, there is a presumption in favor of recommending early termination" for defendants who meet certain conditions (they have been under supervision at least eighteen months, don't present a risk to the public and are free from moderate or high severity violations of release conditions. The court is aware of that provision of Volume 8 of the Guide (specifically, §360.20(c)); it includes other criteria, such as demonstrating the ability to self-manage, substantially complying with all conditions of supervision, and "engag[ing] in prosocial activities and receiv[ing] prosocial support to remain lawful well beyond the period of supervision." That "presumption" is a statement of policy that, while it governs probation officers, does not bind the courts. The courts of this district have held that it takes something more to justify early termination.

The prosecutor indicated that after the defendant has been on supervision for a bit longer, he could renew his request. The defendant has not yet served three years of his five-year supervision term. The prosecutor is right that he may renew his request after he has gotten more supervision under his belt; by that time, perhaps he'll have some community service or similar "extraordinary" accomplishments to add to his already-impressive compliance record. At this point, however, the court will deny the request.

The court also notes that if the defendant or the probation office believes that certain supervision conditions no longer are appropriate or necessary, they may seek modification of those conditions.

The court encourages the defendant to keep up the good work—he is making a better life for himself and his family. The court congratulates him for that.

The court **DENIES WITHOUT PREJUDICE** the request for early discharge.

Dated in Milwaukee, Wisconsin this 24th day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**